IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>MONT BROOK, INC. d/b/a THE CLEANING AUTHORITY OF PLAINFIELD,<br>f/k/a THE CLEANING AUTHORITY OF ROMEOVILLE,<br><br>                Defendant. | Civil Action No. 13-cv-6799<br><br>Jury Trial Demand |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices and to provide appropriate relief to Shannon Bader ("Bader"), an individual with a disability who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Mont Brook, Inc., doing business as The Cleaning Authority of Plainfield, formerly known as The Cleaning Authority of Romeoville ("Defendant"), violated the ADA by subjecting Bader to harassment because of her disability, and by making an unlawful disability-related inquiry.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

1

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and Will County, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Bader filed a charge with the EEOC alleging that Defendant violated Title I of the ADA.

8. On June 18, 2013, the EEOC determined that there is reasonable cause to believe

that Defendant violated the ADA by subjecting Bader to harassment because of her disability and by unlawfully inquiring about the existence, nature, and/or severity of her disability.

9. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

(a) On June 18, 2013, the Commission invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

(b) During the period June 18, 2012, to July 9, 2013, the Commission and Defendant engaged in such informal efforts.

(c) On July 9, 2013, the Commission determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. Bader has a physical impairment that substantially limits the operation of her neurological functions and that substantially limits her in the major life activity of walking by causing her to walk with an abnormal gait. Accordingly, she is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

12. On or about August 29, 2011, Defendant engaged in an unlawful employment practice, in violation of Section 102(d)(4)(a) of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(a). Specifically, Defendant unlawfully inquired whether Bader, an employee of Defendant, was an individual with a disability, and inquired as to the nature or severity of the disability when

3

Defendant's president, Joseph Traynere, asked Bader, "are you crippled?" and otherwise inquired about the nature and severity of her disability.

13. On or about August 29, 2011, and August 30, 2011, Defendant engaged in an unlawful employment practice, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, Defendant subjected Bader to harassment because of her disability, when Defendant's president, Joseph Traynere, in Bader's presence, referred to her as "a cripple" and "crippled," mockingly imitated her manner of walking, and told her that she was being a "hysterical basket case" when she objected.

14. To prevent unfairness and injustice, Defendant should be estopped from denying that Bader was a "qualified individual" within the meaning of the ADA at the time that Defendant subjected her to harassment because of her disability or otherwise defending against liability on that ground. Specifically:

    (a) Defendant accepted Bader's services as an employee on August 29, 2011;

    (b) On August 30, 2011, after having subjected Bader to the harassment alleged above, Defendant invited Bader to continue providing services to Defendant as an employee;

    (c) It would be inconsistent to permit Defendant to accept Bader's services on the one hand and to deny that she was qualified to provide such services on the other hand; and

    (d) It would be inequitable to permit Defendant to deny that Bader was a "qualified individual," in the specific circumstances of this case, because a lack of qualifications in no way justifies, excuses, or explains Defendant's harassment of Bader on the basis of her disability.

15. The effect of the unlawful employment practices complained of in Paragraph 13 above has been to deprive Bader of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to Bader' federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability or which subjects employees to unlawful disability-based inquiries.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Bader whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

D. Order Defendant to make Bader whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Bader punitive damages for the malicious and reckless conduct complained of above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 23, 2013					Respectfully submitted,

							P. DAVID. LOPEZ
							General Counsel

							JAMES L. LEE
							Deputy General Counsel

							GWENDOLYN YOUNG REAMS
							Associate General Counsel

							U.S. Equal Employment Opportunity Commission
							131 M. Street, N.E.
							Washington, D.C. 20507

							 s/ John C. Hendrickson
							John C. Hendrickson
							Regional Attorney

							 s/ Gregory M. Gochanour
							Gregory M. Gochanour
							Supervisory Trial Attorney

							 s/ Justin Mulaire
							Justin Mulaire
							Trial Attorney

							U.S. Equal Employment Opportunity Commission
							Chicago District Office
							500 West Madison Street, Suite 2000
							Chicago, Illinois 60661
							(312) 869-8045
							justin.mulaire@eeoc.gov