

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MONT BROOK, INC. d/b/a THE CLEANING AUTHORITY OF PLAINFIELD, f/k/a THE CLEANING AUTHORITY OF ROMEOVILLE,<br><br>    Defendant. | Civil Action No. 13-cv-6799<br><br>Judge Norgle |

### CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Mont Brook, Inc., doing business as the Cleaning Authority of Plainfield and formerly known as the Cleaning Authority of Romeoville ("Mont Brook"), engaged in unlawful employment practices, in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), when it subjected Shannon Bader ("Bader") to harassment because of her disability and unlawfully inquired about her disability.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Mont Brook have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on Mont Brook; on Mont

Brook's directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with Mont Brook.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    (a) This Court has jurisdiction over the subject matter of this action and the parties;

    (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    (c) The rights of the EEOC, Bader, Mont Brook, and the public interest are adequately protected by this Decree;

    (d) This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

    (e) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the EEOC, Bader, Mont Brook, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

5. Mont Brook, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any employment practice prohibited by the ADA, including but not limited to: (1) subjecting any employee to harassment on the basis of disability; (2) making inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is job related and consistent with business necessity; and (3) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated

in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

6. Subject to the terms and conditions of this Decree, Mont Brook shall make payment ("Payment") to Bader in the following amount:

Compensatory Damages: $15,000

7. No later than ten (10) business days after the later of entry of this Decree and receipt by Mont Brook of a copy of a Release Agreement executed by Bader in the form set forth in Exhibit A to this Decree, Mont Brook shall issue and mail to Bader, by Certified Mail, a check for the Payment to which Bader is entitled under Paragraph 6. Contemporaneously, Mont Brook shall submit a copy of that check to the EEOC. If any portion of the Payment is not issued and mailed within the ten (10) business day period ("Unpaid Amount"), then for each business day beyond the tenth business day that such portion remains unpaid, Mont Brook shall pay to Bader, in the manner set forth above, an amount equal to the greater of $10 or 0.1% of the Unpaid Amount.

## ANTI-DISCRIMINATION POLICY

8. Mont Brook shall adopt, in writing, a policy against employment discrimination ("Policy") within five (5) business days after the approval and entry of this Decree and shall maintain such Policy for the term of this Decree. Mont Brook shall provide copies of the Policy to all employees no later than ten (10) business days after entry of this Decree and to all new employees at the time they are hired. The Policy shall, at a minimum:

(a) specifically prohibit each form of discrimination prohibited by the ADA;

    (b) inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to Mont Brook and to the EEOC;

    (c) inform employees that Mont Brook will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge.

9. No later than five (5) business days after entry of this Decree, Mont Brook shall submit a copy of its Policy to the EEOC. Submission of the Policy to the EEOC shall not represent the EEOC's or the Court's approval of any Mont Brook policy.

10. No later than ten (10) business days after entry of this Decree, Mont Brook shall post the Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Mont Brook for posting legal notices concerning employee rights. The Policy shall remain posted in this manner for the term of the Decree.

## TRAINING

11. No later than sixty (60) calendar days after entry of this Decree, all Mont Brook employees shall participate in a training session regarding the laws pertaining to employment discrimination, including the obligations of employers under the ADA. Mont Brook shall repeat this training at least once every twelve (12) months for the duration of the Decree, within sixty (60) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

12. Mont Brook shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 11, above. The trainer shall not be: (a) an individual who has provided legal representation or advice to (or who is affiliated with an entity that has provided legal

4

representation or advice to) Mont Brook or any of its owners, officers, or management employees during or subsequent to the five years preceding entry of this Decree; or (b) an owner, officer, or employee of Mont Brook. Mont Brook shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Mont Brook's proposed trainer and/or content, Mont Brook shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 20, below.

13. No later than five (5) business days after each training session described in Paragraph 11 above, takes place, Mont Brook shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## POSTING AND DISTRIBUTION OF NOTICE

14. No later than five (5) business days after entry of this Decree, Mont Brook shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Mont Brook for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Mont Brook shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

15. No later than ten (10) business days after entry of this Decree, Mont Brook shall distribute a copy of the Notice attached as Exhibit B to this Decree to all employees.

16. No later than ten (10) business days after entry of this Decree, Mont Brook shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraphs 14 and 15 above.

## RECORD KEEPING AND INSPECTION

17. During the term of this Decree, Mont Brook shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of employment discrimination or retaliation prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Mont Brook took; and (e) if the complaint or report was made in written form, a copy thereof.

18. Mont Brook shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Mont Brook shall permit a representative of the EEOC to enter Mont Brook's premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter Mont Brook's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirement of Paragraph 14.

## REPORTING

19. Mont Brook shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 17, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Mont Brook that no complaints or reports of discrimination were received during that period; and

(b) a certification by Mont Brook that the Notice required to be posted pursuant to Paragraph 14 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## DISPUTE RESOLUTION

20. If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

21. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 20, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

22. Each party shall bear its own expenses, attorneys' fees, and costs.

23. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Mont Brook. Prior to any sale or other transfer of Mont Brook's business or sale or other transfer of all or a substantial portion of Mont Brook's assets, Mont Brook shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

24. When this Decree requires a certification by Mont Brook of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Mont Brook. When this Decree requires the submission by Mont Brook of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to justin.mulaire@eeoc.gov (or, if for any reason such transmission is unsuccessful, then to any other EEOC attorney of record in this action).

SO ORDERED, ADJUDGED, and DECREED on this 23 day of Jan 2015.

By the Court:

_____
The Hon. Charles Norgle
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
JUSTIN MULAIRE
Trial Attorney

For MONT BROOK, INC.

_____
JOSEPH TRAYNERE
Secretary
Mont Brook, Inc.
12137 Rhea Dr., Suite A
Plainfield, Illinois 60585
815-782-4295

10

# EXHIBIT A

## RELEASE AGREEMENT

In consideration of $15,000 to be paid to me by Mont Brook, Inc. in connection with the resolution of <u>EEOC v. Mont Brook, Inc. d/b/a The Cleaning Authority of Plainfield</u>, Case No. 13-cv-6799 (N.D.Ill.), I waive my right to recover for any claims of employment discrimination arising under the Americans with Disabilities Act of 1990 that I had against Mont Brook on or before the date of this release and that were included in the claims in EEOC's complaint in <u>EEOC v. Mont Brook</u>.

Signed: _____    Date: _____
            Shannon Bader

# EXHIBIT B

## NOTICE TO MONT BROOK/CLEANING AUTHORITY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in EEOC v. Mont Brook, Inc., Case No. 13-cv-6799 (N.D.Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Mont Brook. Mont Brook does business under the name "The Cleaning Authority."

In this lawsuit, the EEOC alleged that Mont Brook/The Cleaning Authority violated the Americans with Disabilities Act of 1990 (ADA) by subjecting an employee to harassment because of the employee's disability.

To resolve this case, EEOC and Mont Brook/The Cleaning Authority have entered into a Consent Decree requiring, among other things, that:

1. The company will pay the employee affected by the alleged violations a total of $15,000 in damages;

2. The company will not engage in any employment practice prohibited by the ADA, including subjecting employees to disability harassment;

3. The company will not retaliate against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under the ADA; and

4. The company will adopt and distribute a policy against discrimination and harassment and provide training all employees about the policy and the requirements of the ADA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below and must be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Mont Brook Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

_____    _____
Date                                             Judge Charles Norgle
                                                 United States District Court